UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLAQUEMINES PARISH SCHOOL BOARD | CIVIL ACTION |
| VERSUS | NO: 06-7213 |
| INDUSTRIAL RISK INSURERS, WESTPORT INSURANCE GROUP, GE INSURANCE SOLUTIONS, SWISS RE GROUP, NORRIS INSURANCE CONSULTANTS, INC., AND JOHN Z. NORRIS | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **DENIED.** (Doc. #12).

## BACKGROUND

Plaintiff, Plaquemines Parish School Board, filed this lawsuit in the 25th Judicial District Court, in the Parish of Plaquemines, Louisiana, against its commercial property insurance carriers, Industrial Risk Insurers, Westport Insurance Corporation, GE Insurance Solutions, and Swiss Re Group (collectively, the "insurance defendants"), alleging breach of contract and bad faith for their failure to pay plaintiff's insurance claim. Plaintiff also filed suit against defendants, Norris Insurance Consultants, Inc. and John Z. Norris (collectively, the "Norris

defendants"), alleging negligence, breach of duty and/or breach of contract because plaintiff did not have adequate insurance for its property.  The insurance defendants removed the case to this court, claiming federal diversity jurisdiction pursuant to 28 U.S.C.§ 1332, and pursuant to 28 U.S.C. § 1369, which is the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), and fraudulent joinder of the Norris defendants, who are Louisiana residents.

Plaintiff seeks to have this case remanded, denying fraudulent joinder and alleging that none of the grounds asserted by the insurance defendants support federal jurisdiction over its claims.

## DISCUSSION

A defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th cir. 1995).  In assessing whether removal was appropriate, the court is guided by the principal, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

The insurance defendants and Norris defendants contend that plaintiffs improperly joined the Norris defendants because (1) the Norris defendants were fraudulently joined and, therefore, their citizenship should not be considered in determining whether complete diversity exists, and (2) the claims asserted against the Norris defendants are perempted under La. R.S. 9:5606.

The Fifth Circuit has recognized two ways of establishing improper joinder:  "(1) actual

fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). To succeed on a claim of fraudulent joinder based on the inability of the plaintiff to establish a cause of action against the non-diverse party, the defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

In order to predict whether a plaintiff has a reasonable basis of recovery under state law, the court may conduct a Rule 12(b)(6) analysis by looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law. *Id.* If the plaintiff survives the Rule 12(b)(6) analysis, there is no improper joinder. In cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary judgment type inquiry. *Id.* A summary judgment inquiry is only appropriate for purposes of identifying the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* at 573-74.

Plaintiff's petition alleges that it has had a long standing relationship with the Norris defendants dating back to the mid-1990s. The Norris defendants held themselves out as experts in insurance, and the plaintiffs retained them on a yearly basis to provide expert advice and assistance with certain types of insurance, including reviewing plaintiff's exposure to loss,

recommending changes in insurance protection, retention, or deductible.  The Norris defendants also were to develop insurance specifications and write requests for proposals, and identify agents to participate in providing competitive quotes.

The petition further alleges that the Norris defendants made numerous insurance coverage presentations, during which they explained options and alternatives for renewal, and recommendations as to the appropriate coverage.  The petition alleges that in February 2005, the Norris defendants put together a proposal for the plaintiff for $15 million in coverage, despite the fact that they knew the value of the plaintiff's property was in excess of $65 million.  Plaintiff alleges that the Norris defendants represented that a $15 million policy limit was sufficient because Plaquemines Parish is a long parish spread over a large area, and a total loss throughout the parish was unlikely.  Plaintiff alleges that it accepted the recommendation of coverage with a $15 million limit.  Defendants contend that plaintiff knew that its policy limits were below the value of its property, and that those limits would not be enough to cover its losses in the event of a catastrophic event,.  Because there is a suggestion that important facts are omitted that would aid the court in determining the propriety of joinder, the court will exercise its discretion to pierce the pleadings and conduct a summary judgment type inquiry.

John Z. Norris, in the affidavit attached as Exhibit A to the Norris defendants' memorandum in opposition to plaintiff's motion to remand, stated that plaintiff decided to insure its property for less than it was worth as early as the mid-1990s because it was budget conscious and wanted to reduce its premium costs.  The affidavit also indicates that the Norris defendants urged plaintiff to increase coverage, raising it incrementally to the $15 million in effect at the

4

time of Hurricane Katrina. Norris also testified that the valuation of plaintiff's property was prepared by the plaintiff itself, so it was aware that its property was valued in excess of $65 million. Norris Insurance Consultants, Inc. issued a Request for Proposals from various carriers, which request contained the following language: "'[p]lease quote (a) a 'per occurrence' loss limit of $10,000,000 (the limit now carried) and an optional (b) a 'per occurrence' loss limit of $16,000,000.' (*See* Ex. A-2, RFP Sect. J (2).)." The statement of value attached to the Request for Proposals was prepared by plaintiff and assigned a value of $62,464,697 to the buildings, and $4,739,486 to personal property, for a total of $67,204,183. Plaintiff has offered no evidence to oppose Norris' affidavit.

Based on a review of the pleadings and the affidavits and documents in the record, the court concludes that there is no reasonable basis for it to predict that the plaintiff might be able to recover against the Norris defendants. The Norris defendants made numerous presentations on the subject of insurance coverage, during which they explained additional options and alternatives for renewal, and made recommendations based on what plaintiff instructed, which was to obtain low coverage to keep its premiums down. The evidence indicates that plaintiff had full knowledge of the value of the property and made the deliberate decision to under-insure its property.

Accordingly, the non-diverse Norris defendants were improperly joined, and there is diversity jurisdiction.[1]

---

[1] Because there is diversity jurisdiction, the court does not consider the alternative basis for juridiction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **Denied.**

New Orleans, Louisiana, this  12th  day of December, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**