UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLAQUEMINES PARISH SCHOOL BOARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7213** |
| **INDUSTRIAL RISK INSURERS, WESTPORT INSURANCE GROUP, GE INSURANCE SOLUTIONS, SWISS RE GROUP, NORRIS INSURANCE CONSULTANTS, INC., AND JOHN Z. NORRIS** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' Motion for Summary Judgment is **GRANTED** (Rec. Doc. 42);

**IT IS FURTHER ORDERED** that plaintiff's Motion to Remand is **DENIED.** (Rec. Doc. 59).

### BACKGROUND

Plaintiff, Plaquemines Parish School Board ("PPSB"), filed this lawsuit in the 25th Judicial District Court, in the Parish of Plaquemines, Louisiana, against its commercial property insurance carriers, Industrial Risk Insurers, Westport Insurance Corporation, GE Insurance Solutions, and

Swiss Re Group (collectively, the "insurance defendants"), alleging breach of contract and bad faith for their failure to pay plaintiff's insurance claim. Plaintiff also filed suit against its insurance consultants, Norris Insurance Consultants, Inc. and John Z. Norris (collectively, the "Norris defendants"), alleging negligence, breach of duty and/or breach of contract because plaintiff did not have adequate insurance for its property. The insurance defendants removed the case to this court, claiming federal diversity jurisdiction pursuant to 28 U.S.C.§ 1332, and pursuant to 28 U.S.C. § 1369, which is the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), and fraudulent joinder of the Norris defendants, who are Louisiana residents.

PPSB requested remand arguing that this Court lacked jurisdiction because the non-diverse Norris defendants were properly joined. This Court denied the motion to remand, finding that PPSB had no reasonable basis for recovery against the Norris defendants because PPSB did not refute the Norris defendants' allegations that PPSB had prepared the valuation of its property showing that the property was valued in excess of $65 million and that PPSB deliberately chose to be under-insured for only $15 million. The Norris defendants filed a motion to dismiss, arguing that the claims against them should be dismissed because they were fraudulently joined by PPSB. This Court denied the motion to dismiss, without prejudice to the filing of a motion for summary judgment. The Norris defendants have now filed a motion for summary judgment requesting dismissal of the claims against them. PPSB has again filed a motion to remand.

## DISCUSSION

**1)    Standard of review**

Summary judgment is proper when, viewing the evidence in the light most favorable to the

non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

**2)      Defendants' Motion for Summary Judgment**

The Norris defendants issued a Request for Proposal ("RFP") in January 2005 to solicit quotes from insurance carriers in order to obtain insurance for PPSB. The Norris defendants contend that the quotes they solicited were to be based on the statement of values created by Benja Fussell, PPSB's Director of Finance and Management, demonstrating that the value of PPSB's property exceeded $65 million.[1] The Norris defendants argue that they did not create the statement of values because according to its contract with PPSB, valuation was outside of the scope of the Norris defendants' services.[2] Moreover, the Norris defendants point to the language of the RFP, which stated, "this Board has not insured the full value of its property in many years. Please quote a 'per occurrence; loss limit of $10,000,000 (the limit now carried) and an optional (b) a 'per

---

[1] Ex. A, Affidavit of John Z. Norris, at ¶ 7.

[2] *Id*.

occurrence' loss limit of $16,000,000."[3] The Norris defendants further assert that there were many years when the Board of PPSB was very budget conscious and had voted to reduce its insurance to $10 million and had then raised them back to $15 million, despite the fact that its property was valued far in excess of the insurance coverage obtained.[4]

PPSB admits the assertions by the Norris defendants but, contends that the Norris defendants failed to recommend the proper insurance coverage for its property, causing PPSB to be under-insured.[5] PPS argues that it hired the Norris defendants to review its loss exposure and to recommend changes to PPSB's insurance.[6] PPSB further alleges that the Norris defendants led PPSB to believe that it had obtained sufficient building and contents insurance for PPSB and that they recommended that PPSB obtain only $15 million in coverage.[7]

This Court finds that the Norris defendants' have established that PPSB knew that its property was worth in excess of $65 million; that PPSB prepared its own statement of values used in the Norris defendants' RFP; that the Board had not fully insured its property for many years; and that PPSB made the conscious choice to under-insure its property for $15 million. PPSB has failed to offer evidence to the contrary. This Court finds that PPSB had full knowledge of the value of its property when it decided not to obtain coverage in excess of $15 million. Therefore, Norris

---

[3]Ex. A-1, Contract for Professional Services—Insurance Adviser, at ¶ 3.

[4]Ex. A, Affidavit of John Z. Norris, at ¶ 8.

[5]Doc. 55-2, Affidavit of Sharon Branan, at ¶ 14.

[6]*Id.* at ¶¶ 3-5.

[7]*Id.* at ¶¶ 7-8.

defendants are entitled to summary judgment and the claims against them must be dismissed.

**3)** **Plaintiff's Motion to Remand**

PPSB alleges that remand is proper because the Norris defendants were not improperly joined and the claims against them are valid. As demonstrated by this Court's grant of the Norris defendants' motion for summary judgment, the claims against the Norris defendants have been dismissed and remand is denied. As stated in this Court's order dated December 12, 2006, this Court has diversity jurisdiction over this case, making remand improper.

## CONCLUSION

The defendants' motion for summary judgment is granted and plaintiff's motion to remand is denied.

New Orleans, Louisiana, this __6th__ day of September, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**