UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLAQUEMINES PARISH SCHOOL BOARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7213** |
| **INDUSTRIAL RISK INSURERS, WESTPORT INSURANCE GROUP, GE INSURANCE SOLUTIONS, SWISS RE GROUP, NORRIS INSURANCE CONSULTANTS, INC., AND JOHN Z. NORRIS** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's Motion for Entry of Final Judgment or for Certification for Immediate Appeal (Rec. Doc. 66) is **GRANTED.**

## BACKGROUND

Plaintiff, Plaquemines Parish School Board ("PPSB"), filed this lawsuit in the Twenty-Fifth Judicial District Court, in the Parish of Plaquemines, State of Louisiana, against its commercial property insurance carriers, Industrial Risk Insurers, Westport Insurance Corporation, GE Insurance Solutions, and Swiss RE Group (collectively, the "insurer defendants"), alleging breach of contract and bad faith for their failure to pay plaintiff's insurance claim. Plaintiff also filed suit against its insurance consultants, Norris Insurance Consultants, Inc. and John Z. Norris (collectively, the

"Norris defendants").

On September 6, 2007, this Court granted the Norris defendants' motion for summary judgment finding that the Norris defendants established that PPSB knew that its property was worth in excess of $65 million; that PPSB had prepared its own statement of values used in the Norris defendants' RFP; that the Board had not fully insured its property for many years; and that PPSB made a conscious choice to under-insure its property. The parties did not request reconsideration of that order. PPSB requests that this Court enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b) or alternatively it requests that this Court certify this case for immediate appeal under 28 U.S.C. § 1292(b).

## DISCUSSION

Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

"One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Industries, Inc. v. Harrison County Waste Water*, 81 F. 3d 1412, 1421 (5th Cir. 1996)(citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985)). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* In deciding whether there is no just reason for delay, the district court has a duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by

delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir.1992) (citation omitted).

PPSB argues that there is no just reason for delay because dismissal of the claims against the Norris defendants is final, and the remaining claims in this case are against the insurer defendants. PPSB further contends that it will be prejudiced if it is unable to appeal now because if it is determined by the Court of Appeals that the Norris defendants should have remained in the case, the case will have to be retried.

The Court finds that there is no just reason for delaying entry of a final judgment to allow PPSB to appeal the Court's order granting the Norris defendants' motion for summary judgment, and dismissing all claims against the Norris defendants. PPSB's motion is granted to avoid the hardship and injustice of a potentially needless retrial if the appellate court holds Norris defendants should have remained in this case. Therefore, entry of final judgment under Rule 54(b) is granted.

## CONCLUSION

Plaintiff's Motion for Entry of Final Judgment or for Certification for Immediate Appeal is granted.

New Orleans, Louisiana, this __28th__ day of November, 2007.

                       **MARY ANN VIAL LEMMON**
                       **UNITED STATES DISTRICT JUDGE**