**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PLAQUEMINES PARISH SCHOOL BOARD**          **CIVIL ACTION**

**VERSUS**                                    **NO: 06-7213**

**INDUSTRIAL RISK INSURERS,  ET AL**          **SECTION:  "S" (3)**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO**
**EXCLUDE PLAINTIFF'S EXPERT PAUL AMORUSO**

**MAY IT PLEASE THE COURT:**

Defendants, Industrial Risk Insurers ("IRI") and Westport Insurance Corporation
("Westport"), submit this memorandum in support of their Defendants' Motion in Limine to
Exclude Plaintiff's Expert Paul Amoruso.

## BACKGROUND

IRI, doing business in Louisiana through its member company, Westport, provided
property insurance at all time pertinent to this cause to the plaintiff, the Plaquemines Parish
School Board ("PPSB").  Pursuant to the terms and conditions of its policy, IRI insured PPSB's
school and administration buildings, together with the contents, for approximately $15 million.
PPSB claims that Hurricane Katrina inflicted massive damage to its insured properties.  PPSB
brought this action against IRI and Westport, alleging the failure to pay the policy limits and
failure to adjust the claim in good faith.

## LAW & ARGUMENT

PPSB has retained Paul Amoruso, a purported expert in the field of insurance practices.
Rather than offer opinions which would assist the jury in this matter, Mr. Amoruso has rendered
legal conclusions couched as expert opinions.  This "expert" therefore seeks to invade the
province of the jury, and, consequently, his testimony has no place in a court of law.

Federal Rule of Evidence 702 provides that a witness qualified as an expert may testify in the form of an opinion if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  Rule 704 also provides that opinion testimony, which is otherwise admissible, "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  Fed. R. Evid. 704(a).  Neither Rule 702 nor Rule 704, though, permits expert witnesses to offer conclusions of law.  In the often quoted case of *Owen v. Kerr-McGee Corp.*, 698 F.2d 236 (5th Cir. 1983), the court held:

> Rule 704... does not open the door to all opinions.  ...[Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted.  Nor is the rule intended to allow a witness to give *legal conclusions.*

*Id.* at 240 (emphasis in original); *see also Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (expert witness reports consisting of legal arguments properly excluded); *Alldred v. City of Grenada*, 988 F.2d 1423, 1436-37 (5th Cir. 1993) (expert testimony excluded for being cumulative, nonessential and consisting of legal conclusions).

The jury in this matter does not need the alleged expert testimony of Mr. Amoruso to assist it in understanding the evidence or determining the facts at issue in this insurance contract dispute.  Most importantly, this "expert" should not be permitted to tell the jury what result it should reach or what legal conclusions it should draw.  Yet, this is all Mr. Amoruso attempts to do in his expert report.

One need not read any further than the "Present Assignment" section of his report to see that Mr. Amoruso believes he is to be the fact-finder in this case.  He writes, "I have been asked for my opinion regarding insurance industry practices…and specifically whether the actions and

in actions [sic] of the defendants complied with these industry practices, with defendants obligations under the policy and or with applicable law."[1]  Then, skipping past Mr. Amoruso's laundry list of "Facts" (many of which are inaccurate), one arrives at the "Issues" section of the report.

This section contains some of Mr. Amoruso's most blatant conclusions of law.  The Court will note the frequency with which Mr. Amoruso concludes that IRI's actions were "arbitrary and capricious."  He states, for instance:

> There is no question that these buildings suffered severe damages.  Further, there is no issue that the amount of damages greatly exceeds the $15,000,000 policy limit, in addition to the $1,500,000 deductible.

> There is no question that the policy holder has submitted damages for wind and rain on four School Board locations that far exceeds the $15,000,000 payable under the policy.

> The lack of the insurers [sic] clarification of code upgrade even in there [sic] conceptual estimates through the last payment in July, 2008 is arbitrary and capricious in putting their [sic] interest before those of the insured.

> IRI has failed to accept the insured's presentation of damages which decision is arbitrary and capricious.
> Louisiana statutes are quite clear as to what an insured must do in submitting a claim for damages it has suffered as a result of a loss.  [Again, usurping the role of the Court as well.]

> IRI, through their [sic] representatives and attorneys, are attempting to require the insured to supply unnecessary documents and undefined proof in an obvious attempt to stall final payment of the loss.  This action is arbitrary and capricious on their [sic] part.

> What is even more arbitrary and capricious in the handling of this claim is that the insurer actually took depreciation on the value of damage they [sic] only conceptualized. … Computing actual cash value…when there is no explanation of how they arrived at their actual cash value approach…is arbitrary and capricious claims handling.

---

[1] Ex. A, Amoruso Rep., p. 4.  Now usurping the role of the Court as well.

The policy holder [sic] entitled to payment of what the damages actually is.[2]

Mr. Amoruso shows absolutely no restraint in his section entitled "Opinion."  Again, the

Court will note the frequency with which Mr. Amoruso throws around the phrase "arbitrary and

capricious."  For example, he writes:

> IRI has placed an unnecessary burden on the insured to prove damages above what is required by the policy, and usual and customary insurance practice instead of on itself to thoroughly investigate the loss suffered by Plaquemines Parish School Board.

> IRI forced the policyholder to file suit to receive proper compensation for damages suffered under the policy.

> IRI failed to properly interpret the coverage of their own policy when they arbitrarily and capriciously claimed the policyholder's submission of damages was inadequate.

> The idea of a conceptual appraisal without specific loss data for each building is bad claims handling.

> The time delay of reaching their final opinion, some one year after the loss, was uncalled for and unsubstantiated from my file review.

> To arbitrarily and capriciously assign actual cash values on a flat rate basis without file substantiation demonstrates a one-sided claims approach of the insurer putting their [sic] interests before those of the insured.

> The lack of file documentation clarifying wind and rain damages versus flood damages is arbitrary and capricious.

> The loss should have been adjusted on that basis or timely defended with proper engineering reports and investigation to support the insurer's allegations of the amount of flood damage.  To do otherwise is arbitrary and capricious, and not good claims handling.

> The continued rejection of the policyholder's request of uncontested damages submitted to IRI, and their [sic] stating that the insured failed to give [sic] adequate description of the damage is unfounded based upon the reports submitted.

---

[2] *Id*. at pp. 9-11.

IRI's claims actions were, and continue to be, arbitrary and capricious in the handling of the claim from the start.

Failure to clarify the code upgrades allowed to the policyholder is arbitrary and capricious.[3]

Rather than proper expert opinions, submitted to assist the trier of fact in understanding the evidence or determining a fact in issue, Mr. Amoruso's alleged expert opinions amount to nothing more than an attempt to tell the jury what conclusion to reach. If indeed the Court decides that "arbitrary and capricious" is the legal standard for claims of bad faith, determinations as to the arbitrariness and capriciousness of IRI's actions are for a jury to decide. Furthermore, the interpretation of statutes and contracts are questions of law, and certainly not within the scope of Mr. Amoruso's expertise, whatever that may be.

Furthermore, Mr. Amoruso's opinions run afoul of Rule 702 in another respect in that he offers nothing more than *ipse dixit* conclusions, unsupported by data or fact. As the Court noted in *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 519 (1997), "Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."

Take for instance, Mr. Amoruso's method for valuing the School Board's property damage in this case:

I made the assessment that the damages exceeded sixteen and a half million dollars by basing it on what I saw in the file, based on the people's belief of what they saw, and I attributed it to covered loss based on the facts in the claims file that IRI put together and the insured communicated back and forth.[4]

---

[3] *Id*. at pp.12-13.
[4] Ex. B, Amoruso Depo., 57:4-12.

When asked whether he performed a damages assessment by physically inspecting any School Board facilities, Mr. Amoruso stated, "I haven't done that in 20 years." [5]   Asked to clarify whether he had done a damage assessment here, Mr. Amoruso responded:

> The answer is, no, I have not seen these buildings.  My assessment was done based on my experience and my authorization level of being the guy -- I haven't made an inspection of a building in years, but I have made decisions of authorization to give people payment on the basis of seeing the facts in the case.[6]

Mr. Amoruso's conclusory statements do not end there.  Asked whether he had identified all of the proofs of loss in this matter, Mr. Amoruso stated, "I can't think of any others at this point, no.  You've seen all the letters that went back and forth on this claim.  It's very simple. 'Pay me the money. The loss exceeds my policy.'"[7]  Pressed further, he answers:

> The proofs of loss, the letter summation from [plaintiff's attorney, W.J.] LeBlanc, and the inspections alone were obvious enough that the damage exceeded the policy, starting in September of 2005.  Everybody that was involved in the adjustment process in this loss knew the insured suffered a significant loss.  All of that was part of -- visual inspections alone say I have been really damaged in this.[8]

The reliability inquiry under Rule 702 "requires some objective, independent validation of the expert's methodology." *Moore v. Ashland Chem. Inc.,* 151 F. 3d 269, 276 (5th Cir. 1998) (*en banc*).  As revealed by Mr. Amoruso's remarks above, there is no possible way to independently validate his methodology.  Accordingly, Mr. Amoruso cannot be permitted to offer to the jury statements such as:  "My assessment was done based on my experience and my authorization level of being the guy…" and "visual inspections alone say I have been really damaged in this."

---

[5] *Id*. at 58:5-10.
[6] *Id*. at 58:13-21.
[7] Id. at 56:5-9.
[8] *Id*. at 56:16-25.

## CONCLUSION

For the foregoing reasons, the opinions of Paul Amoruso should be barred from admission into evidence at the trial of this matter.

Respectfully submitted,

**JAMES RYAN III & ASSOCIATES, LLC**

/s/ Jeffrey A. Clayman
_____
JAMES RYAN III (#11558) (TA)
TIMOTHY T. RONIGER (#11443)
JEFFREY A. CLAYMAN (#30442)
201 St. Charles Avenue, Suite 2420
New Orleans, LA 70170
Telephone:     (504) 599-5990
Facsimile:     (504) 599-5991
E-Mail: jryan@ryan-law.us

-and-

**NIXON PEABODY LLP**
AIDAN M. MCCORMACK (NY #2507655)
MARK DECKMAN (NY #2971265)
ERIK DREWNIAK (NY #3908019)
437 Madison Avenue
New York, NY 10022
Telephone:     (212) 940-3000
Facsimile:     (212) 940-3111

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of February, 2009, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Jeffrey A. Clayman
_____
**JEFFREY A. CLAYMAN**

7